Jamie M. Woolsey
Sandefer & Woolsey, Trial Lawyers LLC
143 North Park Street
Casper, WY 82601
PHONE (307) 232-1977; FAX (307) 333-6508
Email: jamie@swtriallawyers.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-CR-171-ABJ-2 |
| | ) | |
| GREGORY J. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO CONTINUE TRIAL

COMES NOW, the Defendant, Gregory J. Bennett, by and through his attorney Jamie M. Woolsey, and hereby moves the Court for an order continuing the Jury Trial in this matter, which is scheduled for June 1, 2020. Counsel for Defendant, Matthew Ty Barrus, informs undersigned counsel Mr. Barrus joins in this motion.  In support of this Motion, Mr. Bennett states as follows:

1.      On September 26, 2019, the Government received an *Indictment* charging Mr. Bennett with one count of "Conspiracy to Commit Healthcare Fraud," one count of "Healthcare Fraud," and three counts of "Engaging in a Monetary Transaction Involving Criminally-Derived Property."  (ECF No. 1) Essentially, the Government alleges that Defendant, along with the co-defendants, all of whom were employees of the Northwest Wyoming Treatment Center, Inc. (hereinafter "NWTC"), entered into an agreement to defraud Wyoming Medicaid and submitted false billing for services.

2.      NWTC operated its residential, juvenile treatment center at 1106 Julie Lane, in Powell, Wyoming.  The Defendant's employer consented to the forfeiture of real properties used by NWTC, including the facility at Julie Lane, and the United States seized all real properties on December 20, 2019.

3.      Just prior to the seizure of NWTC properties, Assistant United States Attorney, Eric Heimann, contacted defense counsel regarding the forfeiture of NWTC properties, informing counsel that the Julie Lane facility still contained paper records and computers used while the program was operating.  AUSA Heimann contacted defense counsel to afford counsel the opportunity to visit the site to gather evidence for the defense before the United States sold the property.

4.      Undersigned counsel, Mr. Bennett, Ty Barrus, and Mr. Bennett's investigators visited Julie Lane on January 23, 2020 for a site inspection.  Upon inspection, it was obvious that the FBI left a substantial number of records in the facility that were potentially relevant to the alleged fraud.  To this end,  Mr. Bennett's investigators collected approximately thirty (30) bankers boxes full of documents and eight (8) computers. Thereafter, undersigned counsel was tasked with locating a local company to copy/scan all of the records collected, as well as make copies of the hard drives for the government and co-defendant's counsel. There were few options available in Casper, Wyoming.  Counsel has been notified that the document scanning was complete as of March 27, 2020.  Undersigned counsel has been informed and believes that the computer hard drives will be completed in the next few days. Unfortunately, neither undersigned counsel nor counsel for Mr. Barrus and Mr. Dutson have had an opportunity to review any materials Mr. Bennett's investigators collected at the site visit.  Undersigned counsel anticipates retrieving these materials this week and, in turn, producing them to AUSA Heimann and defense counsel, leaving,

at best, less than 60 days prior to the scheduled trial for all counsel in this matter to review those materials.

5.     The United States seized material from the Julie Lane facility on March 11, 2019. The United States has been working on this matter since, at the very latest, May of 2018 when AUSA Heimann sent a target letter to Mr. Bennett and Mr. Barrus.  Some eighteen months following the United States' initial seizure of evidence from the Julie Lane facility the *Indictment* was returned in this matter. While the United States has had nearly two years to prepare for any trial in this matter, defense counsel received discovery on or about November 1, 2019. The discovery produced by the United States to defense counsel includes voluminous records and numerous interviews, (many of which were recorded), and the resulting records, reports, recordings, and other files include over 100,000 files (mostly scanned paper documents), and occupy over 44 gigabytes of computer storage space, which this Court also has determined to be voluminous. (ECF No. 64). Counsel for Mr. Barrus confirms with undersigned counsel that he continues, as of the filing of this motion, to review the voluminous electronic discovery produced by the United States, that the review effort has been tedious, and that counsel estimates he is just over half-way through his review.

6.     Also, according to the United States, in addition to the volume of evidence, understanding the charged scheme requires an understanding of (among other things) services provided to individuals with diagnosed substance-abuse disorders, substance-abuse and mental health service provider taxonomies and licensure, substance-abuse treatment services—and how Wyoming Medicaid rules and regulations apply to all of the above. Based upon those representations made by the United States, this Court has found that the interactions of these

different specialized areas of expertise make this case unusual and significantly increase the complexity of trial preparations. (ECF No. 64).

7.      Additionally, and perhaps most importantly, on March 13, 2020, a National Emergency was declared by the President of the United States in response to a nationwide outbreak of the Coronavirus Disease (COVID-19), which the World Public Health Organization has declared to be a global pandemic. As of the morning of March 30, 2020, Wyoming had 94 confirmed cases of COVID-19, "making an increase of 20 from the end of day Friday. * * * Fifteen of the state's 23 counties now have confirmed cases of the virus."[1] According to the March 30, 2020, Casper Star Tribune article:

> The number of COVID-19 cases has spiked over the past week, jumping from the high 20s to now the mid-90s. Health experts say the quick rise is partially an indication of more disease in the state but also Wyoming's increased testing capacity. In previous days, providers and health officers across the state say it's difficult to get a true indication of the virus' presence here because of testing limitations.

Just hours later, the Casper Star Tribune further reported from a press conference with Governor Mark Gordon:

> "If we don't act now, it's certain we'll use up available supplies in weeks," said Dr. David Wheeler, a Casper neurologist and the head of the Wyoming Medical Society. He spoke after Gordon at the press conference and urged that the governor adopt the very [state-wide shutdown] order Gordon had just expressed opposition to.
>
> The medical society had sent a letter to Gordon on Friday calling for a shutdown to avoid what Wheeler called the "horrific effects" of the virus' spread.[2]

---

[1] Casper Star Tribune, March 30, 2020. Available at https://trib.com/news/local/casper/wyoming-coronavirus-cases-now-at-two-dozen-have-recovered/article_73066bae-4f44-593f-b31d-029e6444a987.html?fbclid=IwAR0TWc8U061C4G6ZtjWItDhU2xUrRvvOIpUq6n30n18M1m2ujUMUAUfDNac#tracking-source=home-top-story-1 .

[2] Casper Star Tribune, March 30, 2020. Available at https://trib.com/news/local/casper/gordon-still-resistant-to-shutdown-order-as-physicians-urge-move/article_73066bae-4f44-593f-b31d-029e6444a987.html#tracking-source=home-top-story.

8.      As of March 29, 2020, the President of the United States extended social distancing guidelines until April 30, 2020.    These guidelines make it nearly impossible to meaningfully prepare with Mr. Bennett for trial or review discovery, as such preparation requires in-person meetings. These guidelines also make it difficult for defense investigators to conduct their work on Mr. Bennett's behalf. Counsel for Mr. Barrus informs undersigned counsel that he has instructed his investigator to stop conducting witness interviews at this time, and to not resume any efforts to conduct such interviews until such time as the social distancing guidelines are lifted both in Wyoming and nationally.  Based upon counsel's discovery review conducted to date, a large number of witnesses live in Laramie County, in Park County, and in the extended Big Horn Basin of Wyoming.

9.      On November 11, 2019, this Court ruled that the ends of justice were served by setting the trial outside the 70-day time period and the resulting delay was excludable under the Speedy Trial Act, due to the complexity of the issues in this case and the volume of discovery. (ECF No. 64).  At the time of this hearing, defense counsel had just received the voluminous discovery from the United States and, necessarily, had not yet reviewed it.  As such, defense counsel was proceeding based upon good faith estimates of the time needed for a competent review of that discovery and the conduct of any related defense investigation. Defense counsel now has a much clearer understanding of the time needed to conduct and complete that review and, in turn, conduct related defense investigation. Also since the time of this hearing, the volume of discovery has exploded, with the materials collected by defense counsel during the January 2020 site visit. For these reasons, the ends of justice are served best by ordering a continuance of this matter, including the Jury Trial on June 1, 2020.

10.     On March 27, 2020, undersigned counsel conferred with AUSA Heimann regarding the likely filing of this Motion to Continue and Mr. Heimann indicated that he will object to a continuance.

WHEREFORE, the Defendant, Gregory J. Bennett, respectfully requests that the Jury Trial be vacated and reset for a date and time that meaningfully affords the Defendant time to prepare for trial in person with this counsel, time to review discovery, time to prepare a defense with his counsel and investigators, and when COVID-19 does not pose a significant threat to persons participating in the in trial process.

DATED and SIGNED this 31st  day of March, 2020.

/s/ Jamie M. Woolsey
Jamie M. Woolsey (WSB # 6-3985)
Sandefer & Woolsey, Trial Lawyers, LLC
143 N. Park Street
Casper, WY 82601
(307) 232-1977

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served this 31st day of March, 2020, as follows:

United States Attorney's Office          [_] U.S. MAIL
Eric Heimann                             [_] HAND DELIVERY
2120 Capitol Ave, Suite 4000             [_] EMAIL
Cheyenne, WY 82001                       [_] FACSIMILE
                                         [ X ] CM/ECF

/s/ Jamie M. Woolsey
Jamie M. Woolsey