

**FILED**

1:01 pm, 2/28/22

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| VS. | Case No.  19-CR-00171-ABJ |
| MATTHEW TY BARRUS, GREGORY J. BENNETT, and DEVIN E. DUTSON, | |
| Defendants. | |

**ORDER GRANTING REQUEST FOR RECONSIDERATION, ECF No. 260**

THIS MATTER comes before the court on Defendants' *Request for Reconsideration*, ECF No. 260. Having considered the filings, applicable law, and being otherwise fully advised, the court finds Defendants' *Request for Reconsideration*—ECF No. 260—should be **GRANTED**.

This court previously preadmitted under the business records exception: (1) progress notes; (2) client supervision sheets; and (3) behavioral support and supervision sheets. ECF No. 243. Defendants again request that the court preadmit the entirety of the client records for the same reasons. ECF No. 260 at 3. Specifically, Defendants request that this court preadmit intake forms, evaluations, phone logs, visitation logs, incident reports, treatment plans, discharge plans and summaries—all of which are part of clients'

1

treatment records.[1] ECF No. 260 at 3; ECF No. 203 at 4. In support of this argument, Defendants offered an affidavit certifying that these additional documents were (1) made at or near the time of the occurrence of the matters set forth by (or from information transmitted by) a person with knowledge of those matters; (2) kept in the course of NWTC's regularly conducted business activity; (3) NWTC required that the records be made as a regular practice; and (4) the records are duplicate copies of the original records. ECF No. 260-1 at 3. ECF No. 260-1 at 2–3. This court is satisfied that the full NWTC treatment records qualify as business records and are not otherwise excludable under Federal Rule of Evidence 807. Fed. R. Evid. 803(6).

Defendants also request that this court find the full NWTC treatment records relevant under Federal Rule of Evidence 401. ECF No. 260 at 2. Defendants argue that these additional records are relevant because they "detail the very services billed to

---

[1] Defendants request that this court preadmit all "relevant NWTC patient treatment records" including:

- Intake forms;
- evaluations (mental health and substance abuse, e.g., including ASIs, weekly/monthly progress review and update forms (including "Basic Fives");
- progress notes;
- client supervision sheets;
- behavioral support and supervision sheets;
- phone logs;
- visitation logs;
- incident reports;
- requests for home visits;
- medication logs;
- discharge summaries; and,
- court documents - including placement order(s), MDT reports, and review hearing orders

("full NWTC treatment records"). ECF No. 203 at 4.

Wyoming Medicaid and which the Government now alleges did not constitute therapeutically necessary additional treatment services covered by Wyoming Medicaid." ECF No. 242 at 9. This court agrees that full NWTC treatment records are relevant to determine what was therapeutically necessary addiction treatment. And so it finds the full NWTC treatment records are preadmitted under Rules 803(6) and 401. The court also finds that PDF copies of the full NWTC treatment records are admissible duplicates under Federal Rule of Evidence 1003.

For these reasons, it is **ORDERED**:

Defendants' *Request for Reconsideration*—ECF No. 260—is **GRANTED**.

Dated this 28th day of February, 2022.

Alan B. Johnson
United States District Judge